IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF KANSAS

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Case No. 10-10041-07-WEB |
| SOALY SOUVANNAKILY, | ) | |
| Defendant. | ) | |

MEMORANDUM AND ORDER

The Defendant, Soaly Souvannakily, filed one objection to the presentence report. The Defendant objected to the addition of nine ounces of cocaine attributed to him during a post offense interview with a co-defendant. The defendant argues that based on equity, the additional nine ounces should not be considered. The information relied upon was not provided in the first or the second presentence report, but was only disclosed ten days prior to the sentencing hearing, in the final presentence report. The Defendant also argues that although co-defendant Hobbs may have actually made the statement that nine ounces were provided to him for distribution, the statement has no reliability, it is hearsay, and there is not corroborating evidence to give it any reliability. Defendant argues that the statement was made ten months after the conduct occurred, and it is not feasible that Hobbs would remember this kind of information ten months later.

The Government argues that Hobbs' statements are reliable, and his statements have been used in a number of Government cases. The Government also argues that all relevant conduct should be considered by the court, and although Hobbs' statements are hearsay, the statements are admissible at sentencing.

Facts relevant to sentencing must be proved by a preponderance of the evidence. United States v. Magallanez, 408 F.3d 672, 684 (2005). Relevant conduct includes the offense of

conviction, as well as uncharged conduct. United States v. Griffith, 584 F.3d 1004, 1012 (10th Cir. 2009). The Government must prove that the defendant engaged in conduct related to the offense of conviction which constitutes a criminal offense under either a federal or state statute. Id. at 1013. The Sentencing Guidelines provide that the Court should take into account all activities that form part of the "same course of conduct or common scheme or plan as the offense of conviction." U.S.S.G. § 1B1.3(a)(2). To qualify as the same course of conduct or common scheme or plan, the conduct "must be substantially connected to each other by at least one common factor, such as common victims, common accomplices, common purpose, or similar modus operandi." U.S.S.G. § 1B1.3 cmt. 9(A). "Offenses that do not qualify as part of a common scheme or plan may nonetheless qualify as part of the same course of conduct if they are sufficiently connected or related to each other as to warrant the conclusion that they are part of a single episode, spree, or ongoing series of offenses." U.S.S.G. § 1B1.3 cmt. 9(B). The Tenth Circuit has ruled that when the "conduct is sufficiently similar and within the same temporal proximity, it may be considered relevant for purposes of determining the guidelines range." Griffith, 584 F.3d at 1012.

Unsworn hearsay statements are permissible at sentencing as long as the statements carry sufficient indicia of reliability. United States v. Lopez, 100 F.3d 113, 120 (10th Cir. 1996). The trial court may rely on an estimate of drug quantity if the information relied upon has some basis of support and reliability in the facts. United States v. Dalton, 409 F.3d 1247, 1251 (10th Cir. 2005). A defendant is responsible for all quantities of contraband with which he is directly involved, and all reasonably foreseeable quantities that are within the scope of the criminal activity. United States v. Lauder, 409 F.3d 1254, 1267 (10th Cir. 2005). All sources of information can be considered to determine the appropriate sentence. United States v. Beaulieu,

893 F.2d 1177, 1179 (10th Cir. 1990). The statements of co-conspirators can be properly considered in calculating the drug quantity. United States v. Banda, 168 Fed.Appx. 284, 289 (10th Cir. 2006).

The parties stipulated that Hobbs informed the Government that in late July or early August of 2009, before the wiretap went up, he received a shipment of two kilograms of cocaine and one pound of methamphetamine from Agustin Hernandez. Nine ounces of cocaine was given to Souvannakily for distribution.

The Defendant pleaded guilty to possession of cocaine with the intent to distribute. The conduct to which he plead guilty occurred in late August, 2009. The additional nine ounces were allegedly provided to the Defendant toward the end of July or early August 2009. The additional drug quantity is in the same temporal proximity and is the same conduct for which the defendant was charged. Hobbs' statement meets the standard of reliability for a sentencing hearing. Based on the offense conduct, the charge of conviction, and Hobbs' statement, the additional nine ounces are correctly attributed to the Defendant.

IT IS THEREFORE ORDERED Defendant's objection to the presentence report is denied. The additional nine ounces is appropriately applied to the Defendant, for a total of 753.35 grams of cocaine.

IT IS SO ORDERED this 16th day of November, 2010.

       s/ Wesley E. Brown
       Wesley E. Brown
       United States Senior District Court Judge